## Hammett v. Villanova University

*David P. Brown, III,* for plaintiff.
*Joseph W. Kauffman,* for defendant.

DIGGINS, *J.,* January 30, 1979—This action is the result of a complaint in equity filed by Elizabeth G. Hammett against Villanova University and three employes of the school. The complaint avers that defendant university, through the individual

defendants, wrongfully graded or through improper handling caused to be altered certain examination papers submitted by plaintiff.

On December 4, 1978, a rule was granted upon defendants to show cause why they should not produce for plaintiff's inspection and photocopying all student records pertaining to plaintiff, including but not limited to academic records, memoranda, notes, evaluations, test papers, etc. It is this motion to produce that is before the court for disposition.

Rule 4009 of the Pennsylvania Rules of Civil Procedure provides:

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may (1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

The parties agree that this rule vests discretionary power in the court to grant discovery motions subject, however, to the stated limitations.

The Pennsylvania Supreme Court has approved discovery where without the documents the applicant could not prove his case or could prove it only clumsily or wastefully. See Peoples City Bank v. John Hancock Mutual Life Insurance Co., 353 Pa. 123, 44 A. 2d 514 (1945). The documents requested here are clearly needed as they are the very subject of this litigation.

Defendants, however, have responded that plaintiff's request is a bad faith attempt at discovery and thus should be denied under Pa.R.C.P. 4011(a). Defendants argue that plaintiff's failure to pay her

tuition or to post bond in the amount of the tuition due is evidence of bad faith.

While this may in some way indicate "bad faith" on the part of plaintiff, the court believes that this failure is irrelevant to the issue of whether or not the subject motion is a "bad faith attempt at discovery."

The issue in this suit is whether or not defendants improperly graded or altered certain of plaintiff's examination papers. Clearly the requested materials are relevant and necessary to prove this claim. Therefore this court cannot hold that plaintiff's motion to produce is a "bad faith attempt at discovery." Pa.R.C.P. 4011(a).

The discovery process should not be used to insure payment of an alleged outstanding debt. In this case, as in any, where a student fails to meet his financial obligations, the university can properly present its claim by an action at law.

We therefore enter the following

## ORDER

And now, January 30, 1979, after consideration of plaintiff's motion to produce it is hereby ordered and decreed that defendants produce for plaintiff's inspection and photocopying, all student records pertaining to Elizabeth G. Hammett, including but not limited to academic records, memoranda, notes, evaluations, test papers and examination answers.

Defendants and their counsel are ordered to produce the items specified prior to February 15, 1979, at a time, place and date that is mutually convenient.